*7
 
 Weygandt, C. J.
 

 When faced with the defendant’s request to dismiss her cross-petition on December 31, 1943, did the trial court have the power to approve an entry journalizing its decree as of December 13, 1943, the date the complete and final decree was announced?
 

 Courts of record have inherent power to make their records speak the truth. The function of an entry
 
 nunc pro tunc
 
 is the correction of judicial records insofar as they fail to record, or improperly record, a judgment rendered by the court, as distinguished from the correction of an error in the judgment itself, or in the failure to render the judgment. 30 American Jurisprudence, 866. It is said that the principal ground for the entry of a judgment
 
 nunc pro time
 
 is the absence of an entry on the records of a judgment which had in fact previously been rendered. 23 Ohio Jurisprudence, 674.
 

 In the instant case it is agreed that the decree journalized on December 31, 1943, is the complete and final decree actually rendered by the court on December 13, 1943, and that no previous entry relating to this decree had been recorded in the court journal. However, the defendant contends that the court lost its power to journalize the decree for the reasons that the divorce action was abated by the intervening death of the plaintiff and that she had the right to dismiss her cross-petition with prejudice.
 

 In the case of
 
 In re Estate of Jarrett,
 
 42 Ohio St., 199, this court made the following pronouncement in the syllabus:
 

 “Where a party to an'action dies after trial and submission to the court, but before a decision is announced, the court has jurisdiction, and, in furtherance of justice, may enter judgment
 
 nunc pro tunc
 
 as of the day of submission.”
 

 
 *8
 
 Of course, in tlie instant case the decision was announced before the death occurred.
 

 In Ohio few actions abate by reason of the death of one of the parties thereto. Although actions for libel and slander do abate under Section 11397, General Code, nevertheless in the third paragraph of the syllabus in the ease of
 
 Dial, Admr.,
 
 v.
 
 Holter,
 
 6 Ohio St., 228, this court held:
 

 “Where a defendant in an action for libel and slander, after the finding of a verdict against him in the Court of Common Pleas, files, during the same term, and in compliance with the rules of the court, motions for a new trial and in arrest of judgment, and afterward dies, and the motions are continued to another term for hearing, the court may, if such motions be overruled, enter a judgment
 
 nunc pro tunc
 
 upon the verdict, as of the term in which it was found.”
 

 The Ohio rule is summarized as follows in 1 Ohio Jurisprudence, 66:
 

 “Death after Submission. — Wherever a question is presented and submitted to the court, the death of either party before the court renders the decision does not prevent the court from deciding the question so submitted; The court has jurisdiction, and in the furtherance of justice may properly cause its judgment to be entered
 
 nunc pro tunc
 
 as of the day and term when the submission was made, and when both parties were alive; whether the order should be made rests in the discretion of the court, to be exercised only in furtherance of justice. Under this rule, where the defendant died after a verdict had been returned in his favor, and a motion for a new trial made by the plaintiff, the motion was heard after the death of the defendant, and disposed of, although it was not actually submitted before the defendant’s death.
 

 “Death after Verdict.- — The death of a party after
 
 *9
 
 verdict but before judgment, does not abate an action pending, even though the cause of action would not have survived if death had occurred before suit was brought, or before verdict. In such case, the right to recover having been established and the amount of damages determined by the verdict, it continues in force, and a judgment may be given upon it as of the term when it was rendered * * V’
 

 In 104 A. L. E., 654, appears an annotation stating the general rule that upon the death of one of the parties to a
 
 purely
 
 divorce action before the entry of a decree therein, the action abates with the consequence that the action may not be continued and no final decree of divorce may be entered thereafter, since the object sought to be accomplished by the final decree, that is, the dissolution of the marriage relation, is already accomplished by the prior death of one of the parties, and there is then no status of marriage upon which the final decree of divorce may operate. Then on page 664 appears the following pertinent statement:
 

 “The general rule, so far as a general rule may be deduced from the few cases falling within this subdivision, is that, if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to' the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree
 
 nunc pro time
 
 to take effect as of a time prior to the death of the party.
 
 Re Cook
 
 (1888), 77 Cal., 220, 17 P., 923, 19 P., 431, 1 L. R. A., 567, 11 Am. St. Rep., 267;
 
 Tikalsky
 
 v.
 
 Tikalsky
 
 (1926), 166 Minn., 468, 208 N. W.,
 
 180; Hoyt
 
 v.
 
 Hoyt
 
 (1926), 98 N. J. Eq., 426, 131 A., 127;
 
 Rush
 
 v.
 
 *10
 

 Rush
 
 (1896), 97 Term., 279. See
 
 Schneider
 
 v.
 
 Grimes
 
 (1923), 156 Minn., 25, 193 N. W., 942 (sustaining the entry of a decree
 
 nunc pro time
 
 insofar as it affected property rights);
 
 Kimball
 
 v.
 
 Kimball
 
 (1862), 44 N. H., 122, 82 Am. Dec., 194.”
 

 Was the defendant entitled, as a matter of right, to dismiss her cross-petition with prejudice? She relies upon Section 11586, General Code, which permits a plaintiff to dismiss an action without prejudice before its final siibmission to a jury or court. Her theory is that since the statute expressly authorizes the dismissal of an action
 
 without
 
 prejudice
 
 before
 
 final submission, it follows by implication that a dismissal
 
 with
 
 prejudice may be had as a matter of right
 
 after
 
 final submission. However, the context fails to substantiate this contention; and in the first paragraph of the syllabus in the case of
 
 Turner
 
 v.
 
 Pope Motor Car Co.,
 
 79 Ohio St., 153, 86 N. E., 651, this court held:
 

 “Under favor of subdivision one (1) of Section 5314, Revised Statutes [now Section 11586, General Code], the plaintiff cannot as a matter of right dismiss his action after the final submission of the case to the court. ’ ’
 

 This pronouncement was quoted and approved by this court in the divorce case of
 
 Smith
 
 v.
 
 Smith,
 
 103 Ohio St., 391, 133 N. E., 792.
 

 ' In 17 American Jurisprudence, 324, the rule is stated as follows:
 

 “However, the right to dismiss a bill for a divorce is not absolute, but rests largely in the discretion of the court. There is authority for the position that the rule which governs in ordinary cases is not to be strictly applied in divorce proceedings. The rights of the parties to the record are not alone to be considered, since the public is to be regarded as a
 
 quasi
 
 party and must be so treated by the court. For this reason the court is invested with a wider discretion in the control of
 
 *11
 
 such cases than of others, and may, when the public interest so requires, deny the right to dismiss.”
 

 Was the trial court guilty of an abuse of discretion in disallowing the defendant’s subsequent request for leave to dismiss her cross-petition? On December 13, 1943, when the court rendered the complete and final decree granting the defendant’s prayer for a divorce and division of the property, the defendant wanted the divorce and the $1000 decreed to her and was entitled to have the decree recorded in the court journal. The plaintiff likewise was entitled to have the decree journalized. The single fact that the defendant later changed her mind did not require the trial court to abandon the decree already announced.
 

 The Court of Appeals was not in error in affirming the decree of the Court of Common Pleas.
 

 Judgment affirmed.
 

 Zimmerman, Turner and Matthias, JJ., concur.
 

 Bell and Williams, JJ., dissent.
 

 Hart, J., not participating.