MILLER, APPELLEE, *v.* TRAPP, EXECUTRIX, APPELLANT.

(No. 83-CA-31—Decided August 16, 1984.)

*Swinehart & Princi Co., L.P.A.,* and *Paul R.F. Princi,* for appellee.

*Coen, Breidenbach, Johnson & Hansen* and *William R. Coen,* for appellant.

BROGAN, P.J. On April 6, 1982, the plaintiff-appellee, Robert O. Miller, filed a complaint for divorce in the Miami County Court of Common Pleas. His wife, Donna M. Miller, subsequently filed her answer and counterclaim for divorce in her favor.

The case was tried on October 7, 1982, at which time both parties proceeded on their respective complaint and counterclaim. On November 9, 1982, the court rendered a memorandum decision wherein it found the plaintiff-husband guilty of gross neglect of duty and granted defendant-wife a divorce on this ground. The court also provided for the division of the parties' assets and liabilities, as well as for payment of alimony in its decision. Lastly, the court ordered the plaintiff responsible for preparing the decree of divorce.

On November 24, 1982, the defendant petitioned the trial court to reconsider its decision, or in the alternative grant a new trial. She argued therein that the court's distribution of the assets was inequitable and requested the court to reconsider that portion of its decision. She also moved for separate findings of fact and conclusions of law pursuant to Civ. R. 52.

Per entry dated November 30, 1982, the court sustained her Civ. R. 52 motion and ordered both parties to submit their proposed findings of fact and conclusions of law to the court by December 17, 1982. In the meantime the plaintiff opposed the motion for reconsideration and/or new trial. Before the court addressed the merits of this motion the defendant was shot to death by an unknown assailant on December 8, 1982. On December 28, 1982 her counsel filed a suggestion of death with the court as well as a motion to allow substitution of the party defendant. In support of this motion counsel argued

the matter did not abate by the defendant's death, citing *Caprita* v. *Caprita* (1945), 145 Ohio St. 5 [30 O.O. 238]. Said motion was granted on January 27, 1983, and Mildred Trapp, having been appointed Executrix of Donna Miller's Estate, was so substituted.

The record reveals no decree of divorce was ever prepared and filed by the husband as ordered in the court's memorandum decision. On April 27, 1983, the court dismissed the entire case in light of the defendant's death. From this order of dismissal the substituted party defendant, Trapp, timely filed her notice of appeal to this court, and submitted two assignments of error for our consideration. Under her first assignment of error the substituted party defendant-appellant argues that:

"The trial court erred in dismissing the case after trial had been completed and the decision-entry memorandum decision filed, finding the parties are to be divorced."

Appellant argues under this assignment of error that the trial court should have entered the decree of divorce after the deceased's death by an order *nunc pro tunc*. It is her position that *Caprita* v. *Caprita, supra,* establishes the authority for the trial court to do so in the exercise of its discretion. She submits the trial court's failure to do so constituted an abuse of such discretion. Appellee on the other hand argues that pursuant to the authority of *Porter* v. *Lerch* (1934), 129 Ohio St. 47 [1 O.O. 356], the death of the wife prior to the entry of the decree constituted an abatement of the divorce action. In the alternative appellee maintains the trial court did not abuse its discretion in dismissing the case.

In *Porter* v. *Lerch, supra,* at 56 the court stated that:

"* * * it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival."

Such rationale rests upon the premise that the object sought to be accomplished by the final decree, to wit, the dissolution of the marriage relation, is already accomplished by the prior death. See *id.;* Annotation (1936), 104 A.L.R. 654. It being undisputed no final decree was ever journalized appellee submits the action automatically abated.

Unlike *Porter, supra,* this matter is not purely a divorce action; rather, it involves an action for both divorce and division of property. It would appear the prevailing law in Ohio on such matters vests the trial court with the discretion of entering a *nunc pro tunc* judgment. Unlike the purely divorce proceeding in *Porter,* the matter presently before this court involves an action for both divorce and division of property. It would appear that the prevailing law in this state does not require abatement in such mixed actions; rather, it vests the trial court with the discretion to either dismiss it or to enter a judgment *nunc pro tunc.* In *Caprita* v. *Caprita, supra,* the court was confronted with a divorce action wherein one of the parties died before the decree had been journalized. The trial court chose to enter the decree *nunc pro tunc.* On appeal to the Supreme Court the trial court's action was affirmed.

At paragraphs three and four of the syllabus the *Caprita* court stated:

"3. An action for a divorce and division of property is not abated by the death of a party after a decree therefor has been rendered but before it has been journalized.

"4. Such a decree may be journalized by an entry *nunc pro tunc.*"

This matter is slightly distinguished from *Caprita,* in that no decree had actually been rendered prior to the wife's death. In light of additional language in the *Caprita* decision, we do not believe the distinction warrants a different conclusion.

In *Caprita, supra,* at 8, the court

quoted with approval from 1 Ohio Jurisprudence 66:

" 'Death after Submission—Wherever a question is presented and submitted to the court, the death of either party before the court renders the decision does not prevent the court from deciding the question so submitted. The court has jurisdiction, and in the furtherance of justice may properly cause its judgment to be entered *nunc pro tunc* as of the day and term when the submission was made, and when both parties were alive; whether the order should be made rests in the discretion of the Court, to be exercised only in furtherance of justice.' "

The court at 9-10 further adopted the following quote from 104 A.L.R., *supra,* at 664:

" 'The general rule, so far as a general rule may be deduced from the few cases falling within this subdivision, is that, if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but, for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree *nunc pro tunc* to take effect as of a time prior to the death of the party. *Re Cook* (1888), 77 Cal., 220, 17 P., 923, 19 P., 431, 1 L.R.A., 567, 11 Am. St. Rep., 267; *Tikalsky* v. *Tikalsky* (1926), 166 Minn., 468, 208 N.W., 180; *Hoyt* v. *Hoyt* (1926), 98 N.J. Eq., 426, 131 A., 127; *Rush* v. *Rush* (1896), 97 Tenn., 279. See *Schneider* v. *Grimes* (1923), 156 Minn., 25, 193 N.W., 942 (sustaining the entry of a decree *nunc pro tunc* insofar as it affected property rights); *Kimball* v. *Kimball* (1862), 44 N.H., 122, 82 Am. Dec., 194.' "

In the present matter the facts were certainly adjudicated prior to the death of Donna Miller. Thus, under the authority of *Caprita, supra,* we are of the opinion the trial court's dismissal was a discretionary ruling as opposed to one required by law. We must therefore decide whether such dismissal entry was a proper exercise of the court's discretion.

The term "abuse of discretion" has been defined as implying the court's attitude was unreasonable, arbitrary or unconscionable. See *State* v. *Adams* (1980), 62 Ohio St. 2d 151 [16 O.O.3d 169]; see, also, *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217 (stating the term as used in *State* v. *Adams* implies same meaning when applied in domestic relations context). Such term certainly implies more than just error of judgment. In the present matter we cannot say the trial court's dismissal of the matter rose to such an attitude.

Although the court had heard the matter and rendered a memorandum decision in favor of the wife, it specifically reserved entering a final decree of divorce. Until such final decree is journalized the trial court retains the right to change its mind. In the case *sub judice* the court was further delayed in entering its final decree due to the pending motion for reconsideration and/or new trial filed by the wife. There being no entry the trial court was not bound by its prior memorandum decision. It chose, for whatever reason, to change its mind and not grant the decree as of the date submitted.

The record fails to disclose any evidence indicating that the trial court's action constituted an abuse of discretion. At best, the court's dismissal may be construed as a mistake in judgment on its behalf but it does not give rise to an unreasonable, arbitrary or unconscionable attitude. As we may not substitute our judgment for that of the trial court absent such an abuse, we must uphold its actions.

Appellant's first assignment of error is overruled.

Appellant's remaining assignment

of error challenges the court's distribution of assets in its memorandum decision. Appellant maintains under her second assignment of error that:

"The trial court erred and abused its discretion in not making an equitable division of marital assets between the parties."

Having upheld the trial court's dismissal of the divorce action we may not address the merits of the appellant's challenge to the distribution of the parties' assets. In the absence of a final order from the trial court granting the divorce and distributing the property we are without jurisdiction to review the matter. It is undisputed that the memorandum decision was not a final appealable order. The only order from which an appeal could properly be taken in this case was the entry of dismissal. Such entry effectively denied any distribution whatsoever.

Appellant's second assignment of error is dismissed.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WEBER, JJ., concur.