DRIGGERS

v.

DRIGGERS, Appellee; Philpot, Appellant.

[Cite as *Driggers v. Driggers* (1996), 115 Ohio App.3d 229.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0113.

Decided Oct. 7, 1996.

*Nathan Clinard,* for appellee.

*George R. Wertz,* for appellant.

---

NADER, Judge.

This is an appeal from an order entered in the Portage County Court of Common Pleas from an entry overruling objections to a referee's report in a divorce action.

On December 21, 1993, Alisa Gayle Driggers ("Alisa") and Richard E. Driggers Jr. ("appellee") petitioned the Portage County Court of Common Pleas for a decree of dissolution of their marriage. The petition included a separation. agreement signed by both parties. The parties were married on October 14, 1988 in Ravenna, Ohio. No children were born of the marriage. On February 22, 1994, Alisa filed a motion for conversion to a divorce action. This motion was granted by the trial court on February 28, 1994, and Alisa filed a complaint seeking alimony and a division of property on the same date. On March 8, 1994, appellee filed an answer containing a counterclaim for divorce, seeking division of property. Alisa filed an answer to appellee's counterclaim on March 14, 1994.

Subsequently, on May 24, 1994, Alisa's attorney filed a motion to dismiss the action due to Alisa's death on May 20, 1994. On May 25, 1994, the trial court

entered an order dismissing the action. On May 24, 1995, Gayle Philpot ("appellant"), Alisa's mother and next friend of her minor children from a previous marriage, Andrew and Daniel Osdyke, filed a combined motion to intervene and to vacate the entry of dismissal pursuant to Civ.R. 60(B). Appellee filed a response on June 14, 1995. On June 27, 1995, the referee filed his report. Appellant filed objections to the referee's report on July 11, 1995. On July 14, 1995, the trial court filed an entry denying appellant's motions to intervene and to vacate the dismissal. On August 2, 1995, appellee filed his response to appellant's objections to the referee's report. The trial court entered an order on August 22, 1995 overruling appellant's objections and adopting the report of the referee. Appellant appealed, asserting in her two assignments of error that the trial court abused its discretion in denying her motion to intervene and in denying her motion to vacate the entry of dismissal. These assignments of error will be addressed simultaneously in this opinion.

As stated in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus:

■ "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

■ Appellant's motion to vacate judgment must fail because she has not set forth a meritorious claim or defense to present if relief is granted. Appellant contends that the judgment was wrongly dismissed due to Alisa's death, and as a result, appellant was deprived of the right to intervene on behalf of Alisa's minor children. In support of this argument, appellant contends that divorce actions which include the division of marital property do not abate upon the death of one party. In *Miller v. Trapp* (1984), 20 Ohio App.3d 191, 20 O.B.R. 235, 485 N.E.2d 738, the court held that the death of one party to a divorce action does not require abatement of the action. Instead, the trial court is vested with discretion to either dismiss the action or enter a judgment *nunc pro tunc. Id.* In reaching this conclusion, the *Miller* court at 193, 20 OBR at 237, 485 N.E.2d at 740, quoting *Caprita v. Caprita* (1945), 145 Ohio St. 5, 9–10, 60 N.E.2d 483, observed:

" 'The general rule, so far as a general rule may be deduced from the few cases falling within this subdivision, is that, if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but, for some reason was not entered as such on the judgment record, the death

of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree *nunc pro tunc* to take effect as of a time prior to the death of the party.' "

In the instant case, no evidence was heard and no facts were adjudicated prior to Alisa's death. As a result, the trial court did not abuse its discretion in dismissing the action. See *Hook v. Hook* (1987), 35 Ohio App.3d 51, 519 N.E.2d 687.

Additionally, appellant had no right to intervene in the divorce action on behalf of Alisa's two minor children from a previous marriage. Appellant relies in this regard on Civ.R. 17(A) and (B) and Civ.R. 75(B)(2). Civ.R. 17(B) provides that a court shall appoint a guardian *ad litem* for a child or incompetent person who is not otherwise represented. Civ.R. 75(B)(2) states that the court may join the children of the parties to a divorce action when necessary to protect their interests. Civ.R. 17(A) provides that actions should be prosecuted in the name of the real party in interest. Alisa's children by a previous marriage are not interested parties in a divorce action between their mother and her spouse that does not include custody issues.

Similarly, Civ.R. 75(B)(1) is inapplicable to the instant case because no award of support is pending. As a result, representation in a divorce action is not necessary to protect their interests.

Appellant also relies on Civ.R. 25(C), which provides:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (A) of this rule."

Appellant contends that this rule required the trial court to join her as an intervening party. However, this rule does not *require* that any party be substituted for another. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 71, 567 N.E.2d 1291. Furthermore, this rule allows the joinder or substitution only of a party to whom there has been a transfer of interest. Appellant does not contend that any interest has been transferred to her. Thus, her reliance upon Civ.R. 25(C) is misplaced.[1]

Finally, appellant contends that the trial court failed to properly consider her objections to the report of the referee. Appellant filed her motion to intervene

---

1. We note that appellant does not rely upon Civ.R. 25(A), which deals with substitution upon the death of a party. We presume that this is because Civ.R. 25(A) requires a motion for substitution to be made within ninety days of the suggestion of death, whereas appellant's motion to intervene was filed one year after the suggestion of death.

on May 24, 1995, and the referee's report was filed on June 27, 1995. Appellant's objections to that report were filed on July 11, 1995. The trial court entered its judgment denying appellant's motion to intervene on July 14, 1995. However, a hearing on appellant's objections was not held until August 3, 1995. A judgment entry adopting the referee's report was filed August 22, 1995.

Although the trial court should not have filed its entry denying appellant's motion until after the hearing on appellant's objections, we cannot see any prejudice to appellant. Appellant was given an opportunity to be heard. Furthermore, appellant's objections were filed prior to the judgment entry denying her motion, and the trial court filed a second judgment entry on appellant's objections after the oral hearing. Thus, any error in this regard was harmless.

We note that an action to set aside the separation agreement and an action to remove appellee as administrator of Alisa's estate were filed in the probate court contemporaneously with the instant action. Appellant's claims with regard to the best interests of Alisa's children are therefore represented in the probate court and can be fully pursued there.

For the foregoing reasons, the trial court did not err in denying appellant's motions to vacate the entry of dismissal and to intervene. Appellant's assignments of error are meritless.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.