DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment that dismissed the divorce action filed by James C. Grashel, plaintiff below, against Phyllis N. Grashel, defendant below and appellee herein. The following error is assigned for our review:
 {¶ 2} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THAT THE DEATH OF PLAINTIFF FOLLOWING THE FINAL HEARING BUT BEFORE JUDGMENT WAS ENTERED ABATES THE DIVORCE ACTION AND REQUIRED THE COURT TO DISMISS THE CASE."
 {¶ 3} A brief summary of the facts pertinent to this appeal is as follows. James Grashel and appellee married on January 1, 1993, in Huntington, West Virginia. No children were born as issue of that marriage. On January 13, 2000, Mr. Grashel filed the action below and alleged that his wife was guilty of gross neglect of duty, as well as extreme cruelty, and that they were incompatible. He asked for a divorce and, inter alia, an equitable division of property. Appellee denied the allegations and asked that the complaint be dismissed.
 {¶ 4} The matter came on for several evidentiary hearings in March and October of 2001, but no decision was made on the merits. Mr. Grashel died on December 6, 2001. Several days later, his attorney filed a "motion and suggestion of death" to alert the court of the death and ask that a nunc pro tunc judgment of divorce be entered. Appellee responded with a motion to dismiss the divorce proceeding on grounds that the action had abated upon her husband's death. On January 8, 2002, the trial court granted appellee's motion and held that the divorce had abated and ordered the case be dismissed. This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred by dismissing his decedent's divorce action.[1] We disagree. The provisions of R.C. 2311.21 generally provide that no action or proceeding pending in any court shall abate by the death of a party except for actions for libel, slander, malicious prosecution, nuisance or against a judge of a county court for misconduct of office. While divorce actions are not denoted in this statute, when one or both parties to a divorce case die before the final decree, the action abates because circumstances have achieved the primary objective sought. State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 99, 671 N.E.2d 236;Porter v. Lerch (1934), 129 Ohio St. 47, 56, 193 N.E. 766.
 {¶ 6} The Ohio Supreme Court, however, has carved out an exception to this general rule of abatement. The court held that a divorce action is not abated by a party's death when that death occurs after a decision is rendered but before it is journalized. State ex rel. Litty, supra at 99; Caprita v. Caprita (1945), 145 Ohio St. 5, 60 N.E.2d 483, at paragraph three of the syllabus. Under such circumstances, the decree may be journalized by nunc pro tunc entry. See Caprita, supra at paragraph four of the syllabus. The Court reasoned that when a party to an action dies after a trial and determination of the issues, the interests of justice require that trial courts continue to have jurisdiction to enter judgment nunc pro tunc. Id. at 7, citing in part In re Estate of Jarrett
(1884), 42 Ohio St. 199 at the syllabus.
 {¶ 7} The pivotal issue when applying this rule is to determine the exact course and stage of the proceedings at the time of the party's death. The record in this case reveals that although two evidentiary hearings had been held and the case had been submitted for determination, the trial court had not rendered a decision on the merits at the time of Mr. Grashel's death. Indeed, the trial court's January 8, 2002 judgment expressly states that "no decision had been made or filed, as of the date of death, granting the divorce or dividing the property and debt." (Emphasis added.) Appellant points to nothing in the record that contradicts that representation and we have found nothing to that effect in our own review. Thus, pursuant to the authorities cited above, we agree with the trial court's conclusion that the divorce action abated on Mr. Grashel's death. Accordingly, based upon the foregoing reasons we find no error in the trial court's decision to dismiss the case. Appellant's assignment of error is without merit and is, consequently, overruled. We hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] On February 25, 2002, Robert L. Grashel, Jr., Executor of the Estate of James C. Grashel, was substituted as the appellant in this case.