DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 5, 2002 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which dismissed the divorce proceedings of Stuart Brooks and Irene Brooks following the death of Stuart Brooks. Finding that the trial court did not abuse its discretion by dismissing the action, we affirm the decision of the lower court. Appellant, Marsha A. Brooks, Executrix of the Estate of Stuart Brooks, deceased, asserts the following assignments of error on appeal:
 {¶ 2} "The trial court erred when it failed to conduct an evidentiary hearing when it opted to incorrectly assume that the proposed Judgment Order of Divorce Nunc Pro Tunc was not precisely in accord with the settlement reached by the parties at the final hearing of May 13, 2002.
 {¶ 3} "The trial court abused it discretion in dismissing the divorce proceeding as a result of the death of appellant."
 {¶ 4} Before addressing the merits of this appeal, we first address a motion for leave filed by appellant requesting that she be given the opportunity to file a response to appellee's reply to appellant's notice of reliance on additional authority. Appellant's motion is granted instanter.
 {¶ 5} We now turn to the facts of this case. Stuart Brooks filed for divorce from Irene Brooks on March 7, 2001 following a 22-year marriage. Irene Brooks filed a counterclaim for divorce. At the time, Stuart was 66 years old and Irene was 59 years old. On February 12, 2002, the parties and the court discussed the possibility of dismissing the complaint because Stuart Brooks had suffered a severe stroke. Irene Brooks would not agree to the dismissal. Therefore, the case was set for trial on May 15, 2002. Two days prior to trial, a settlement agreement was read into the record by counsel.
 {¶ 6} Based upon the parties' testimonies, the judge found the facts in the complaint and counterclaim were true and granted the parties a divorce on the grounds of incompatibility. The judge further stated that he found the settlement agreement to be fair and reasonable and indicated that he would sign a final judgment entry which incorporated the agreement read into the record. Stuart Brooks' attorney was directed to prepare the proposed final judgment entry. However, Stuart Brooks died shortly thereafter.
 {¶ 7} Appellant filed a Motion for Approval of a Proposed Judgment Order of Divorce. Irene Stuart opposed the motion arguing that a nunc pro tunc judgment would be inequitable because the settlement agreement had not been finalized before Stuart Brooks' death.
 {¶ 8} On August 5, 2002, the court dismissed the complaint for divorce relying on Miller v. Trapp (1984), 20 Ohio App.3d 191. The court found that the settlement agreement read into the record was not specific enough to constituted a final agreement between the parties. Therefore, the court refused to sign the proposed judgment entry and dismissed the proceeding. Appellant appealed the trial court's decision.
 {¶ 9} We note initially that appellant attached to her brief a handwritten copy of the settlement agreement read into the record on May 13, 2002. This agreement was not made part of the record. Therefore, we hereby order that it be stricken from the brief.Appellant first argues on appeal that the trial court abused its discretion when it failed to conduct an evidentiary hearing to determine if the settlement agreement in the proposed judgment entry was accurate. Second, appellant argues that the trial court abused its discretion by dismissing the divorce action because of the death of Stuart Brooks.
 {¶ 10} Appellee argues that the appellate court should not review this issue because appellant never requested a hearing and, therefore, this issue was raised for the first time on appeal. We find that appellee's argument has no merit. Appellant had no indication that the trial court would refuse to execute the proposed judgment entry until after it issued its order. Therefore, we find that there was no opportunity for appellant to present this issue to the trial court.
 {¶ 11} Alternatively, appellee contends that the trial court did not abuse its discretion by failing to hold an evidentiary hearing because a hearing would not have resolved two of its concerns; namely, that other issues could have arisen or that Stuart Brooks would have objected to the wording of the final judgment.
 {¶ 12} Despite the fact that a divorce action is not listed in R.C. 2311.21, the death of a party in a divorce action inherently abates the action for divorce. State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97, 99, and Porter v. Lerch (1934), 129 Ohio St. 47, 56. However, the action for a divorce and property settlement does not automatically abate at the death of a party. Caprita v. Caprita (1945),145 Ohio St. 5, paragraph three of the syllabus. If the court has not yet decided any of the issues, the action abates as a matter of law and the court lacks jurisdiction to proceed. Leskovyansky, supra; Gregg v. Gregg
(2001), 145 Ohio App.3d 218; Estate of Grashel v. Grashel, 4th Dist. No. 02CA2826, 2002-Ohio-4612; Ramminger v. Ramminger (June 11, 2001), Butler App. No. CA2000-07-132; and Koch v. Koch (Mar. 4, 1994), Sandusky App. No. S-93-5, overruled on other grounds, Wright v. Wright (Nov. 10, 1994), Hocking App. No. 94CA02. However, if the court adjudicated the facts during the lifetime of the parties, but it had not yet reduced its decision to judgment or its judgment had not yet been journalized prior to the death of the party, the court has the discretion to either dismiss the action or enter a judgment nunc pro tunc. Caprita, at paragraphs four and six of the syllabus; Miller v. Trapp (1984), 20 Ohio App.3d 191; andKing v. King (Mar. 8, 2002), Adams App. No. 01CA719, 2002-Ohio-1060.
 {¶ 13} The case before us presents an unusual situation. Here, the court was not required to adjudicate the facts. The parties had reached an agreement which they presented to the court. The court had orally approved the agreement and directed one of the parties to prepare a final judgment incorporating the settlement agreement. However, before the final judgment could be signed, one of the parties died. The trial court, exercising its discretion, decided to dismiss the divorce action because, as it noted in the judgment entry, it had concerns that the settlement agreement had not fully resolved the issues between the parties.
 {¶ 14} The parties dispute whether the proposed judgment entry accurately recited the settlement agreement approved by the court. Upon an examination of the oral settlement agreement and the proposed nunc pro tunc judgment entry, we find that there were several discrepancies. Whether these discrepancies were significant, however, is irrelevant. The court did not dismiss the action because there were discrepancies. Rather, it dismissed the case because it reconsidered the issue of the settlement agreement and determined that the settlement agreement had not fully resolved all of the issues between the parties. An evidentiary hearing would not have assisted the court in its decision because it did not have jurisdiction, after the death of Stuart Brooks, to obtain further facts regarding the parties' property. Therefore, we find appellant's first assignment of error not well-taken.
 {¶ 15} The remaining issue is whether the trial court erred by dismissing the divorce action. Since the settlement agreement had been approved by the court, but not yet reduced to a judgment entry, we find, as a matter of law, that the divorce action did not abate at the death of Stuart Brooks. However, the trial court had the discretion to determine whether it should dismiss the action or enter a judgment nunc pro tunc. An abuse of discretion is "more than an error of law or judgment." There must be proof that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} The trial court stated its reason for dismissing the action was that it believed there were issues between the parties that the settlement agreement had not fully resolved. We find that appellant has failed to demonstrate that the trial court's decision was "unreasonable, arbitrary, or unconscionable." Therefore, we must find appellant's second assignment of error not well-taken.
 {¶ 17} Finding that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.
Knepper and Singer, JJ., concur.