OPINION *Page 2 
{¶ 1} Appellant, Judy Heil Schnierle, appeals the trial court's denial of appellant's motion to dismiss and grant of default judgment in favor of appellee, William Schnierle.
 STATEMENT OF LAW AND FACTS {¶ 2} On October 18, 2004, Frank Schnierle (hereinafter "Frank") created a revocable living trust, i.e. "The Frank A. Schnierle Revocable Living Trust," naming appellee, William Schnierle (hereinafter "William") as successor trustee and residuary beneficiary and Robert Rankle, Sr. as alternate successor trustee. On October 20, 2005, Frank married Judy Heil aka Judy Heil Schnierle, (hereinafter "Judy"). On November 21, 2005, Frank amended the Trust naming Judy as the primary successor trustee and residuary beneficiary, William as the alternate residuary beneficiary, and Robert Rankle, Sr. as alternate successor trustee.
 {¶ 3} On May 22, 2006, in Stark County Probate Court Case Number 195610, Frank was adjudicated incompetent. As a result, William was granted guardianship of Frank's person and Kathleen Mihalik was granted guardianship of Frank's estate. Additionally, all financial and medical powers of attorney issued by Frank Schnierle for Judy were terminated. In the judgment entry, the court stated in pertinent part as follows:
 {¶ 4} "To describe her [Judy Heil Schnierle's] behavior toward Frank Schnierle as abusive, coarse and vulgar is woefully inadequate. The court finds that Judy Schnierle isolated Frank Schnierle from close family members and subjected him to mental abuse. *Page 3 
 {¶ 5} "In light of the foregoing, the Court finds that Frank Schnierle aka Frances Schnierle is not competent to make decisions regarding his health, finances and placement by reason of dementia and severe Parkinson's disease." (Judgment Entry at page 4, attached and incorporated into appellee's amended answer and cross-claim).
 {¶ 6} On November 2, 2006, William filed a divorce action in Stark County Family Court Case Number 2006DR01383, on behalf of Frank against Judy.
 {¶ 7} On November 3, 2006, Kathleen Mihalik, as guardian of Frank's estate, filed a complaint against Judy Heil Schnierle for removal of Judy as successor trustee. In support, the guardian argued that the removal was necessary "because of a conflict of interest with Judy Heil due to the filing of Case No. 2006DR01383 [the divorce action] in the Stark County Court of Common Pleas, Family Division on November 2, 2006, by the guardian of his person, William A. Schnierle." On November 21, 2006, the guardian filed an amended complaint naming William Schnierle as a party defendant. On December 12, 2006, the guardian filed a second amended complaint.
 {¶ 8} On December 19, 2006, Judy filed an answer to the Guardian's original and amended complaint.
 {¶ 9} On December 29, 2006, Frank died. The guardian did not file a suggestion of death.
 {¶ 10} On January 17, 2007, William dismissed the divorce action.
 {¶ 11} On January 25, 2007, the guardian filed a suggestion of death in the form of a Notice to the Court of Ward's death in Stark County Probate Court Case No. 195610. *Page 4 
 {¶ 12} On January 23, 2007, William filed an answer to the Guardian's complaint, amended complaint and second amended complaint.
 {¶ 13} On February 8, 2007, William filed a motion for leave to amend his answer and for leave to file a cross-claim against Judy Heil Schnierle. That same day, the trial court granted William's motion for leave. William simultaneously filed his amended answer and cross-claim. The certificate of service indicated that the amended answer and cross-claim were sent via regular mail on February 8, 2007, to Judy's counsel of record, Attorney Susan Lax.
 {¶ 14} In the cross-claim, William asserted that while the trust created by Frank on October 18, 2004, was valid, any amendments after November 1, 2005, were invalid and void because Frank had been determined to be incompetent by a doctor. William also asserted that on October 20, 2005, Frank was not mentally capable of entering a marriage contract with Judy. Judy did not file an answer to the cross-claim.
 {¶ 15} On April 3, 2007, William filed a motion for default judgment pursuant to Civ. R. 55(A) for Judy's failure to file a timely answer to William's cross-claim.
 {¶ 16} On April 5, 2007, Judy filed a suggestion of death for Frank, a motion to dismiss the guardian's complaint for removal and a response to William's motion for default judgment.
 {¶ 17} In the motion to dismiss the guardian's complaint, Judy argued that the death of Frank Schnierle on December 29, 2006, rendered the divorce action moot, and, therefore, any alleged conflict of interest with Judy Heil had "no substance whatsoever." Judy further argued that Frank Schnierle's death required the immediate termination of the guardianships of his person and of his estate and, therefore, the *Page 5 
Guardian of the estate was no longer competent to, nor had standing to, pursue the action.
 {¶ 18} In response to the motion for default judgment on the cross-claim Judy argued that Judy's counsel had no record of being served with appellee's cross-claim. Judy also argued that a cross-claim could not be filed because the underlying action for removal of Judy as successor trustee of the revocable trust was moot and should have been dismissed immediately upon Frank Schnierle's death, and that the Guardian had failed to properly file a suggestion of death within fourteen (14) days of Frank Schnierle's death as is required by Civ. R. 25(E).
 {¶ 19} On June 6, 2007, the trial court held a hearing on the motion to dismiss and response to motion for default judgment. On August 21, 2007, by judgment entry, the trial court held that the guardian's complaint was not rendered moot by Frank's death, the complaint remained pending until the guardian was discharged, and William's cross-claim directly related to the subject matter of the original complaint, i.e. the appointment of a successor trustee for the Frank A. Schnierle Revocable Trust. For these reasons, the trial court denied appellant's motion to dismiss.
 {¶ 20} Finally, the trial court held that Judy failed to file a timely answer to William's cross-claim and granted William's motion for default judgment. As a result, the Frank A. Schnierle Living Trust was declared valid and any amendments to the trust including those dated November 21, 2005, were declared invalid and void.
 {¶ 21} It is from this decision that appellant, Judy Heil-Schnierle, seeks to appeal setting forth the following assignments of error: *Page 6 
 {¶ 22} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE FRANK SCHNIERLE LEAVE TO FILE A CROSSCLAIM WHERE THE COURT NO LONGER HAD JURISDICTION OVER THE UNDERLYING ACTION.
 {¶ 23} "II. THE TRIAL COURT ERRED IN FAILING TO DISMISS APPELLEE FRANK SCHNIERLE'S CROSSCLAIM WHERE APPELLEE FAILED TO MOVE TO SUBSTITUTE PARTY AFTER APPELLANT FILED A SUGGESTION OF DEATH.
 {¶ 24} "III. THE TRIAL COURT ERRED IN GRANTING A DEFAULT JUDGMENT FOR WILLIAM SCHNIERLE WHERE, AFTER THE DEATH OF FRANK SCHNIERLE, THE UNDERLYING CAUSE OF ACTION WAS DISMISSED AND WILLIAM SCHNIERLE FILED HIS CROSSCLAIM AFTER FRANK SCHNIERLE'S DEATH."
 I, II {¶ 25} We address appellant's first two assignments of error together, as both raise issues related to the filing of the cross-claim. Rather than arguing these assignments of error separately in her brief, appellant argues several issues which relate to these assignments of error.
 {¶ 26} Appellant first argues that the trial court abused its discretion by granting appellee leave to file an untimely cross-claim without providing appellant with an opportunity to be heard.
 {¶ 27} Civ. R. 6(B) allows for an extension of time to file a late pleading, within the trial court's discretion, "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect * * *." Civ .R. 6(B)(2).
 {¶ 28} In determining whether neglect is excusable or inexcusable, a trial court "must take into consideration all the surrounding facts and circumstances, and * * * must *Page 7 
be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." Fowler v.Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, 1999 WL 1262052. In addition, "a trial court's Civ. R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." Id.
 {¶ 29} The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 30} It is undisputed that appellee did not file his cross-claim within the period permitted by the Ohio Rules of Procedure. However, in the motion, appellee stated that he did not discover the applicability of the cross-claim until after the expiration of the time required for the filing. Furthermore, appellant argued that the granting of the motion would serve the purpose of judicial economy. Additionally, appellant has failed to argue that appellee failed to set forth excusable neglect in support of the request for leave to file the counterclaim.
 {¶ 31} Therefore, while it may be good practice to permit a party an opportunity to respond to a motion for leave to file a cross-claim, we fail to see how appellant was prejudiced by the trial court's grant of leave to file a cross-claim. Judicial economy did warrant litigating all the issues surrounding the amendments to the revocable trust and the disputes over the successor trustee in one action. Furthermore, appellee set forth reasons which could have been considered excusable neglect by the court. Therefore, *Page 8 
we do not find that the trial court abused its discretion in granting the motion on the same day that it was filed.
 {¶ 32} Appellant next argues that the trial court erred in failing to dismiss appellee's cross-claim because appellee and Kathleen Mihalik, guardian of Frank's estate, failed to timely move to substitute a party pursuant to Civ. R. 25 after appellant had filed a suggestion of death.
 {¶ 33} Civ. R. 25 states as follows:
 {¶ 34} "(A)(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the actionshall be dismissed as to the deceased party.
 {¶ 35} "(A)(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties. . . .
 {¶ 36} "(E) Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen *Page 9 
days after he acquires actual knowledge of the death or incompetency of that party." (Emphasis added).
 {¶ 37} Appellee was not required to substitute a party on his cross-claim, as he was not a party to the action in his capacity as guardian of Frank's person, nor was he bringing the cross-claim in that capacity. The amended complaint joins him as a party defendant as a beneficiary under the trust document, and his cross-claim against appellant is brought in the same capacity. Therefore, there is no reason for appellee to file a suggestion of death or substitution of parties on his cross-claim, as Frank was not a party to the cross-claim.
 {¶ 38} The only issue remaining is whether Kathleen Mihalik's failure to file a suggestion of death and substitution of a party on the underlying complaint, brought in the name of Frank Schnierle "by the guardian of his estate Kathleen Mihalik," caused the court to lose jurisdiction over the complaint before the cross-claim was filed.
 {¶ 39} Upon the death of a ward, the guardianship terminates, and substitution of the parties is required under Civ. R. 25(A)(1).Hicks v. Duke, Franklin App. No. 97APG06-797, 1997 WL 703385. The guardian has ninety days to file a motion for substitution of the parties from the suggestion of death. Id. While Civ. R. 25(E) places the responsibility on the attorney for the decedent to file a suggestion of death, the staff notes to the rule provide that should the attorney for the deceased party fail to carry out the procedure, any party in the action may suggest the fact of death and serve a motion for substitution of parties upon the deceased party's proper representatives. A dismissal for failure to substitute a decedent's personal representative, pursuant to *Page 10 
Civ. R. 25(A)(1), is a dismissal without prejudice for lack of personal jurisdiction. Id., citing Perry v. Eagle-Picher Industries, Inc. (1990),52 Ohio St. 3d 168, 169.
 {¶ 40} In the instant case, the first suggestion of death was filed by appellant on April 5, 2007. The record reflects that Frank died on December 29, 2006, and the guardian filed a notice of the ward's death under the guardianship case number on January 25, 2007. The cross-claim was filed on February 8, 2007, which is within 90 days of any of those dates, and the court therefore retained jurisdiction over the underlying complaint at the time the cross-claim was filed. Thus, even if the complaint were subject to dismissal for failing to timely substitute parties within ninety days after Frank's death, the complaint was not subject to dismissal at the time the cross-claim was filed, and the court did not err in granting appellee leave to file the cross-claim.
 {¶ 41} Appellant also argues that the cause of action for removal of Judy Heil Schnierle as successor trustee was rendered moot, i.e. abated, upon Frank Schnierle's death on December 29, 2006. Appellant argues, after December 29, 2006, the conflict between Judy and Frank was eliminated and the trial court lacked jurisdiction to take any action other than to dismiss the complaint for failure to state a claim upon which relief could be granted. (Appellant argues that the dismissal would be similar to the situation where a party to a divorce action is deceased and the cause of action is extinguished by the party's death.)
 {¶ 42} As a general matter, courts will not resolve issues that are moot. In re Brown, Franklin App. No. 03AP-1205, 2005-Ohio-2425, at ¶ 15. Actions are moot "when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live *Page 11 
controversy, the decision of which can definitely affect existing legal relations. * * * `A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'" Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549 at ¶ 11, quoting Culver v. Warren (1948),84 Ohio App. 373, 393, 83 N.E.2d 82.
 {¶ 43} R.C. 2311.21 provides that "[u]nless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." "In the realm of litigation, the term `abatement' denotes the `destruction of a cause of action.'" Taylor v. Taylor (July 15, 1992), Hamilton App. No. C-910126, 1992 WL 166076, quoting Black's Law Dictionary (4th Ed.Rev.1968) 16.
 {¶ 44} At common law, a divorce is an action which does not survive the death of a party. An action for divorce is one of those exceptional cases where abatement results from death of a party, even though the abatement statute has not explicitly recognized it. The reason for this is that circumstance of death has effectively accomplished the primary objective of the lawsuit, i.e., dissolution of the marital relationship.Gregg v. Gregg (2001), 145 Ohio App.3d 218, 762 N.E.2d 434, appeal not allowed, 93 Ohio St.3d 1497, 758 N.E.2d 1148.
 {¶ 45} If the action is not one of those enumerated by statute or common law, as in the case of divorce, the cause of action is not extinguished. Rather, the action is *Page 12 
merely suspended until a proper party may be substituted in the place of the deceased party, and the action may proceed. See In re L.W.,168 Ohio App. 3d 613, 2006-Ohio-644, 861 N.E. 2d 546.
 {¶ 46} In this case, the cause of action by the guardian for removal of Judy as Successor Trustee of the Frank A. Schnierle Revocable Trust did not abate pursuant to R.C. 2311.21.
 {¶ 47} While appellant argues that after the dismissal of the divorce action following Frank's death the issues became moot and the complaint should have been dismissed pursuant to Civ. R. 12(B)(6), appellant did not move to dismiss the complaint until after the court had granted leave to file the cross-claim and the cross-claim had been filed. Therefore, the trial court retained jurisdiction to consider and grant appellee's motion for leave to file a cross-claim. Unlike the complaint, the cross-claim did not rely on the divorce action to seek a change in the trustee. The cross-claim sought to have the amendment to the trust, which changed the successor trustee and beneficiaries, declared invalid because Frank was incompetent at the time it was executed. This claim was not rendered moot by Frank's death and/or dismissal of the divorce action.
 {¶ 48} For the reasons set forth, appellant's first and second assignments of error are not well taken. Accordingly, appellant's first and second assignments of error are overruled.
 III {¶ 49} In the third assignment of error, the appellant argues that the trial court abused its discretion in granting default judgment in favor of appellee. Appellant argues *Page 13 
that the trial court abused its discretion in disregarding appellant's assertion that appellee failed to properly serve the cross-claim. Appellant also argues that because a motion to dismiss the guardian's complaint was filed, the trial court abused its discretion in failing to grant appellant fourteen days from the denial of the dismissal within which to file an answer to appellee's cross-claim. Finally, appellant argues that the trial court should not have granted default judgment without addressing the "legal issues" in the cross-claim. We disagree.
 {¶ 50} Appellant argues that the court should have granted additional time to appellant to answer the cross-claim because appellant entered an appearance in the matter and filed a motion to dismiss the complaint. We find this argument unpersuasive. We find that appellant filed a motion to dismiss the guardian's complaint for revocation because the complaint was moot. Appellant's motion to dismiss the guardian's complaint was not filed in lieu of an answer to appellee's cross-claim. Therefore, appellant's argument that additional time for a response should have been granted lacks merit.
 {¶ 51} Furthermore, we do not find that the trial court erred in granting default judgment. The record reflects that a hearing was held on June 6, 2007, regarding appellee's motion for default judgment. A transcript of the proceedings has not been provided to this Court. Therefore, we must presume regularity of the proceedings. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The trial court found that the cross-claim was served pursuant to Civ. R. 5(B) by regular mail on February 8, 2007, upon appellant's attorney of record. A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have *Page 14 
been followed; the presumption may be rebutted by sufficient evidence to the contrary, Grant v. Ivy (1980), 69 Ohio App.2d 40, 429 N.E. 2d 1188, paragraph one of syllabus. There is nothing before this Court to rebut the presumption of proper service. Furthermore, the record in the trial court is clear that appellant failed to file an answer to appellee's cross-claim.
 {¶ 52} Finally, appellant argues that the trial court's grant of default judgment in favor of the appellee on the cross-claim, was "not appropriate where the trial court did not address the legal claim made by the plaintiff" citing Kebler v. Prudential Property CasualtyCo., Muskingum App. No. CT2002-0036, 2003-Ohio-2145. We disagree.
 {¶ 53} We disagree because we disagree with the statement fromKebler upon which the appellant relies. The Kebler case involved a default judgment in a declaratory judgment action. Said action was brought to determine coverage under an insurance policy. We agree with the preliminary statement made by the Kebler court that coverage under the insurance policy was a matter of law, and, therefore, "the mere fact that a party asserts coverage would not create. . .a factual but a legal determination." And, pursuant to Civ. R. 8(D), factual averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. In other words, factual averments are deemed admitted, not legal assertions, when not denied in the responsive pleadings. The court, as always, must determine whether the law as set forth by the complainant is correctly stated and applied.
 {¶ 54} The Kebler court then states that the default judgment is "erroneous" because it "does not make or address the legal issues of coverage. . ." This statement is *Page 15 
incorrect as a matter of law because it assumes that since a legal assertion is not deemed admitted by the granting of a default judgment, then the trial court must state, in its entry, the legal basis of its decision. But Civ. R. 52 specifically states, "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." Civ. R. 55 is the rule dealing with default judgments. Therefore, we conclude that Kebler was incorrect in its conclusion that a default judgment must address the legal issues asserted in the complaint. In defense of Kebler, we note that it was decided during a time when insurance case law in Ohio encouraged creative claim making, and it may have been impossible for this Court to figure out the legal theory used by the trial court in its ruling. That is not the situation in the case sub judice.
 {¶ 55} We, therefore, conclude that the trial court did not have to set forth, in its default judgment entry, the law it applied in reaching its decision. *Page 16 
 {¶ 56} For these reasons, we do not find that the trial court abused its discretion in granting default judgment in favor of appellee on the cross-claim. Accordingly, appellant's third assignment of error is not well taken and is hereby overruled.
 {¶ 57} The judgment of the Stark County Probate Court is hereby affirmed.
By: Edwards, J. Hoffman, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Probate Court is affirmed. Costs assessed to appellant. *Page 1