[Cite as *Melosh v. Melosh*, 2014-Ohio-5029.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES MELOSH | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case Nos. 14 CA 20,<br>14 CA 21 and 14 CA 30 |
| PATRICIA MELOSH | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, Case
No.  12 DR 1061

JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:      November 10, 2014

APPEARANCES:

For Executor of the Estate of                     For Kenneth Schlaegel, Administrator
Charles Melosh                                         of the Estate of Patricia Melosh

DETRIA HILES, PRO SE                          GARY J. GOTTFRIED
Post Office Box 304                                ERIC M. BROWN
Thurston, Ohio  43157                            GARY J. GOTTFRIED CO. LPA
                                                            608 Office Parkway, Suite B
                                                            Westerville, Ohio  43082

*Wise, J.*

{¶1}. Appellant Kenneth Schlaegel, as substitute party for and administrator of the estate of Patricia Melosh, appeals from the dismissal of a divorce action, as well as two denials of motions to substitute parties, in the Licking County Court of Common Pleas, Domestic Relations Division. Appellee is Detria Hiles, administrator for the estate of Charles Melosh, Patricia's spouse at the time of her death. The relevant procedural facts leading to this appeal are as follows.

{¶2}. Charles Melosh and Patricia Melosh were married on March 31, 2001, having purportedly entered into an antenuptial agreement on March 20, 2001. No children were born of the marriage. On August 23, 2012, Charles filed a complaint for divorce in the Licking County Court of Common Pleas, Domestic Relations Division. On April 9, 2013, Patricia filed an answer and counterclaim. Patricia was battling leukemia as the divorce case progressed.

{¶3}. The trial court ultimately scheduled the matter for a final hearing on November 8, 2013. Charles appeared on that date with counsel, but Patricia was unable to attend the final hearing due to her health issues. However, counsel appeared on her behalf. In addition, Patricia's children, Kenneth Schlaegel (appellant herein) and Lisa Tilk, attended the hearing. The trial court took the testimony of Charles, and trial counsel for Patricia affirmed that Patricia agreed to the terms of the settlement memorandum and that she believed it was fair and equitable. Tr. at 17-18. Trial counsel for Patricia affirmed that he had talked to her several times via telephone that day. Tr. at 18. The trial court thereupon accepted a written settlement memorandum resolving the remaining issues in the pending divorce action. The trial court instructed trial counsel for

Charles to prepare an appropriate separation agreement and divorce decree within fourteen days of said final hearing.

{¶4}. Unfortunately, both parties passed away before a final divorce decree was submitted and journalized. Patricia died on December 28, 2013. Approximately one month later, on January 27, 2014, Charles died.

{¶5}. A notice of suggestion of Patricia's death was filed with the trial court on January 10, 2014. In addition, a notice of suggestion of Charles' death was filed on February 10, 2014.

{¶6}. On January 24, 2014, the trial court issued a judgment entry stating that it would permit the parties to submit any motions for substitution of party within ninety days.

{¶7}. However, on March 14, 2014, and before the expiration of that ninety-day period, the trial court dismissed the entire divorce action.

{¶8}. Nonetheless, Patricia's son, Appellant Kenneth Schlaegel, as administrator of Patricia's estate, filed a motion with the trial court on March 31, 2014, asking the trial court to substitute him as a party for Patricia. The trial court denied said motion in an entry issued the same day.

{¶9}. On April 9, 2014, Appellant Schlaegel (hereinafter "appellant") filed notices of appeal as to the March 14th entry (dismissal of the divorce action) and March 31st entry (denial of appellant's request to be substituted as party for Patricia).

{¶10}. On April 21, 2014, appellant also filed a motion seeking substitution of Detria Hiles, as executor of Charles' estate, as a party for Charles. In an entry dated

April 22, 2014, the trial court concluded that it did not have jurisdiction to consider said motion due to the aforesaid pending notices of appeal.

{¶11}. On April 25, 2014, appellant filed a notice of appeal as to the April 22d judgment entry (denial of appellant's request to have Detria Hiles substituted as party for Charles). Appellant also requested consolidation of the three appeals. This Court granted that request on May 5, 2014.  This Court also ordered substitution by Appellant Schlaegel and Appellee Hiles, for purposes of appeal, on June 2, 2014.

{¶12}. On June 5, 2014, appellant submitted a brief in support of all three appeals, identified as Case Nos. 14CA20, 14CA21 and 14CA30. Appellee Hiles attempted to file a late brief in response, which this Court denied.

{¶13}. Appellant's Assignments of Error in this consolidated appeal are as follows:

{¶14}. "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE DIVORCE ACTION PRIOR TO THE EXPIRATION OF TIME PROVIDED FOR THE SUBSTITUTION OF PARTIES PURSUANT TO CIVIL RULE 25.

{¶15}. "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED SUBSTITUTION OF KENNETH SCHLAEGEL AS A PARTY FOR PATRICIA MELOSH AND SUBSTITUTION OF DETRIA HILES AS A PARTY FOR CHARLES MELOSH."

I., II.

{¶16}. In his First and Second Assignments of Error, appellant contends the trial court erred and/or abused its discretion in dismissing the divorce action and denying substitution of parties as to Patricia and Charles after they passed away. We disagree.

{¶17}. Civ.R. 25 states in pertinent part as follows:

{¶18}. "(A) Death

{¶19}. "(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

{¶20}. " ***

{¶21}. "(E) Suggestion of death or incompetency

{¶22}. "Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."

{¶23}. Appellant correctly posits that three essential issues come into play considering the application of Civ.R. 25 in situations where a party in a pending case has died. These issues are: (1) whether the motion seeking substitution is timely; (2) whether the person seeking substitution is "proper" as a real party in interest; and (3) whether the claim was or was not extinguished upon death. In the case sub judice, we

find the third factor, the question of whether the divorce claims herein were extinguished by death, to be dispositive, and we will focus our analysis accordingly.

{¶24}. Generally, death of one or both of the parties to a pending divorce abates the action, because " *** [the] circumstance of death has effectively accomplished the primary objective of the lawsuit, i.e., dissolution of the marital relationship." *In re Guardianship of Schnierle*, 5th Dist. Stark No. 2007 CA 00260, 2009-Ohio-1580, ¶44.

{¶25}. However, in *Caprita v. Caprita*, 145 Ohio St.5, 60 N.E.2d 483 (1945), the Ohio Supreme Court held in pertinent part as follows: "An action for a divorce and division of property is not abated by the death of a party after a decree therefor has been rendered but before it has been journalized." *Id.* at paragraph three of the syllabus.

{¶26}. We note that in *Caprita*, the plaintiff (husband) had filed a petition for a divorce in Stark County, and the defendant (wife) countered with a cross-petition. The case was tried on October 19, 1943, at which time husband plaintiff dismissed his petition. At the conclusion of the trial on the wife's cross-petition, the trial court "announced" a decree entitling the defendant wife to a divorce and division of property. The court then continued the matter in order to obtain a full appraisal of property. On December 13, 1943, the court announced that husband was ordered to pay wife the sum of $1,000 as property division. Two days later, on December 15, 1943, husband died. On December 31, 1943, the final decree was entered upon the court journal. On the same day, wife sought leave to dismiss her cross-petition with prejudice, which the trial court denied. The Ohio Supreme Court concluded the Court of Appeals was not in

error in affirming the decree of the Stark County Court of Common Pleas. *See id.* at 6-10.

{¶27}. Our reading of *Caprita* does not reveal a bright-line rule forbidding a trial court from finding a divorce action extinguished by the death of a party or both parties between the announcement of decision and the issuance of the final written decree. The Ohio Supreme Court therein invoked an abuse-of-discretion standard as to the trial court's decision to disallow wife's request for leave to dismiss her cross-petition. *See id.* at 10-11, citing 17 American Jurisprudence 324. We find the abuse-of-discretion standard likewise applicable where, as in the case sub judice, the trial court chooses to dismiss a divorce where the parties have died after the announcement of decision, but before the decree is finalized.

{¶28}. Furthermore, *Caprita* does not appear to involve a settlement agreement. "A trial court's authority to enforce in-court settlement agreements is discretionary." *Franchini v. Franchini,* 11th Dist. Geauga No. 2002-G-2467, 2003-Ohio-6233, ¶ 8. We have similarly held: "Case law clearly provides that a trial court has discretionary authority to enforce in-court settlement agreements or to modify them out of equity." *Hileman v. Hileman* (July 26, 1999), Stark App. Nos. 1998CA00256, 1998CA00257, 1999 WL 547934 (additional citations omitted). If a party later disputes the terms of the agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms. *See Waddell v. Waddell* (Dec. 16, 1996), Butler App. No. CA96-03-056, 1996 WL 723551.

{¶29}. In the case sub judice, the trial court adopted the separation agreement and orally granted the parties their divorce. *See* Tr. at 20. It appears that the parties waived their signatures upon the final decree. Tr. at 21. The trial judge then accepted and signed the original memorandum of agreement. Tr. at 21. Said memorandum was filed with the clerk. It  was confirmed by the attorneys that all pending matters had been resolved at that time. *See* Tr. at 22. The trial court afforded Charles' trial counsel two weeks to prepare and submit a written divorce decree.

{¶30}. As previously noted, before dismissing the divorce action, the trial court waited more than four months for the submission of the proposed final decree, which never occurred. In its subsequent judgment entry denying appellant's motion for substitution of Patricia, the trial court, citing *Montei v. Montei*, 2nd Dist. Clark No. 2013 CA 24, 2013-Ohio-5343, ¶ 22, aptly expressed its concern that it would be necessary to conduct an evidentiary hearing due to an apparent factual dispute or disagreement regarding the settlement agreement, which would be unfeasible following the death of Patricia and Charles. *See* Judgment Entry, March 31, 2014, at 3. Thus, having been "advised that one of the parties was unwilling to sign the proposed divorce decree" (*id.* at 2), the trial court refused to grant substitution under Civ.R. 25. Although appellant urges that the law favors a trial court's adoption of a settlement agreement where said agreement has been referenced on the record, reduced to writing, and filed with the clerk, under the unusual procedural circumstances presented in this matter, we find no error of law or abuse of discretion in the trial court's decision to dismiss the action and thereafter deny substitution of party as to Patricia.

{¶31}. Finally, although the trial court did not reach the merits of appellant's motion to substitute as to Charles due to the existence of appellant's notice of appeal, we find a similar result to the above would have been warranted in that regard.

{¶32}. Appellant's First and Second Assignments of Error are therefore overruled.

{¶33}. For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, J., and

Farmer, J., concur.

JWW/d 1023