[Cite as *Savage v. Savage*, 2015-Ohio-5290.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| SETH T. SAVAGE, | : | Case No. 15CA856 |
| Petitioner 1-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| SANDRA M. SAVAGE, | : | |
| Petitioner 2-Appellant. | : | **RELEASED: 12/14/2015** |

APPEARANCES:

Matthew F. Loesch, Portsmouth, Ohio, for appellant.

Deborah Douglas Barrington, Chillicothe, Ohio, for appellee.

Harsha, J.

{¶1}   Following a dissolution in which Seth T. Savage ("Savage") and Sandra M. Savage nka Thacker ("Thacker") were granted shared parenting of their two minor children, each parent filed motions to be named residential parent for school purposes. At a hearing on the motions the parties stipulated to the admission of the guardian ad litem's report as a joint exhibit.  The court determined that it would be in the best interest of the children to designate their father as the residential parent for school purposes and to remain enrolled in school in the Western Local School District.  Therefore, the court designated Savage as the residential parent of the children for school purposes. Thacker appealed.

{¶2}   In her first assignment of error Thacker asserts that the trial court abused its discretion in considering the guardian ad litem's report because it did not comply with the standards set forth in Sup.R. 48.  Because Thacker invited any error in the trial

court's consideration of the guardian ad litem's report by stipulating to its admission into evidence as a joint exhibit, we reject her assertion and overrule her first assignment of error.

{¶3}    In her second assignment of error Thacker contends that the trial court's decision to grant residential-parent status to Savage for school purposes was against the manifest weight of the evidence and did not appropriately consider the best-interest factors in R.C. 3109.04.  But in the absence of a Civ.R. 52 request for findings of fact and conclusions of law, the trial court did not need to engage in a factor-by-factor analysis of the R.C. 3019.04 best-interest standards.  And a review of the record establishes that there is competent, credible evidence, including the guardian ad litem's recommendation that the children remain in the same school system in Pike County and Savage's testimony that the children were comfortable in their current school, where they knew everybody, to support the trial court's determination.  We overrule Thacker's second assignment of error.

{¶4}    Because the trial court did not commit error in designating Savage as the residential parent of their children for school purposes, we affirm its judgment.

## I. FACTS

{¶5}    Savage and Thacker, who were married in 2005, had two children:  Jenna, born in 2006, and Eli, born in 2007.  In 2010 they petitioned for a dissolution of their marriage.  In 2011 the Pike County Court of Common Pleas, Domestic Relations Division granted the dissolution and adopted the parties' shared parenting plan, in which the parties agreed to each have 3 ½ days per week with the children, that the Huntington School District would be the school district for the children, and that both

parties would be designated residential parents when the children were in their respective physical custody.

{¶6}     In 2013 Thacker filed a motion to terminate shared parenting.  In the alternative, she requested that she be designated the residential parent for school purposes.  Savage filed a motion requesting that he be designated the residential parent for school purposes and that the children remain in the Western Local School District that they have always attended.  In 2014 Thacker filed a motion to designate her the residential parent for school placement purposes.  After the trial court appointed a guardian ad litem for the parties' children, he filed a report and recommendation.

{¶7}     In his report the guardian ad litem noted that the parties had remarried since their dissolution and that Thacker had relocated to the Northwest Local School District in Scioto County.  At the time of their dissolution the parties resided in Pike County and agreed that the children would attend the Huntington School District. However, the parties later agreed that the children would instead attend Western Local School District in Pike County, and the parties undertook a week-to-week visitation plan in which they exchanged custody of the children every week.  Savage has remarried, has a new child, and works road construction half of the year and is laid off during the winter.  Thacker is unemployed.

{¶8}     The guardian ad litem met with the principal of the school the children attended, and she described Eli as a vibrant boy who loves school and his classmates, interacts well with teachers and other students, and does not have any significant attendance issues.  Jenna had been held back and repeated first grade due to maturity issues.  The principal described Jenna as slightly below average in reading and having

poor study skills, being easily distracted. The school has placed Jenna on a reading improvement and monitoring plan to assist her. The principal believes that the children are doing well at the school. The guardian ad litem determined that it was in the children's best interest that they remain in the Western Local School District and that the children appeared to be normal and happy under the terms of the shared parenting plan.

{¶9} The parties withdrew several portions of their motions so that the only remaining issue was which parent should be designated residential parent for school purposes of the children, i.e., whether the children would remain in the Western Local School District in Pike County where Savage lived or would enroll in the Northwest Local School District in Scioto County, where Thacker lived.

{¶10} At the hearing the parties stipulated to the admission of the guardian ad litem's report and recommendation as a joint exhibit. Thacker testified that she believed that both children were doing alright, but struggling. She felt that the Northwest Local School District was better than the Western Local School District and provided more focus on educational achievement, including a higher graduation rate, and extracurricular activities that were not provided at Western. According to Thacker, it was in the children's best interest to place them in the Northwest Local School District and it was detrimental to them to leave them in the Western Local School District. Jenna was undergoing mental-health counseling at Shawnee Mental Health in Portsmouth, Ohio, to treat her hyperactivity.

{¶11} Conversely, Savage testified that Eli was doing well in school and that although Jenna was behind in her reading, she was getting help and was improving. He

further testified that Western had the extracurricular activities that the children were

interested in—cheerleading and soccer.  According to Savage the children should stay

in the Western Local School District because they were rooted there, they were familiar

with it and their fellow students, including relatives, and if they were moved to another

school district, they would be less comfortable.

{¶12}  In its decision the trial court designated Savage the residential parent of

the children for school purposes.  The trial court determined that after "[h]aving

considered all relevant factors," it was in the best interest of the minor children for the

father to be designated as residential parent of them for school purposes and for the

children to attend school in the Western Local School District in Pike County.  This

appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶13}  Thacker assigns the following errors:

1. The Trial Court abused its discretion in considering the Guardian ad
   litem's report due to the report falling below the standards promulgated
   by Superintenden[ce] Rule 48.

2. The Trial Court's decision to grant residential parent status to the
   Appellee was against the manifest weight and sufficiency of the
   evidence under ORC 3109.04.

## III. LAW AND ANALYSIS

### A.  Invited Error

{¶14}  In her first assignment of error Thacker asserts that the trial court abused

its discretion in considering the guardian ad litem's report because it did not comply with

Sup.R. 48.

**{¶15}** Thacker invited any error in the trial court's consideration of the guardian ad litem's report because her trial counsel stipulated to the admission of the report as a joint exhibit at the hearing.

**{¶16}** " 'Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make.' " *Martin v. Jones*, 2015-Ohio-3168, __ N.E.3d __, ¶ 2 (4th Dist.), quoting *State ex rel. Kline v. Carroll*, 96 Ohio St,3d 494, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27; *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 22; *State v. Misconsin*, 8th Dist. Cuyahoga No. 93429, 2010-Ohio-4475, ¶ 23 (party's stipulation to the admission of exhibit invited any error arising out of it).

**{¶17}** By stipulating to the admission of the report, Thacker waived any error in its admission instead of merely forfeiting it by failing to timely assert an objection. *See generally State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20-21, discussing the difference between waiver and forfeiture. Because even plain error is waived if error is invited, *Martin* at ¶ 2, citing *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 10, we overrule Thacker's first assignment of error.

### B. Manifest Weight of the Evidence

**{¶18}** In her second assignment of error Thacker contends that the trial court failed to properly analyze and interpret the best-interest standards of R.C. 3109.04, resulting in the decision being against the manifest weight of the evidence.

**{¶19}** The original dissolution decree named the Huntington Local School District as the school district for the children and both parents residential parents when they had physical custody of the children. Thus the trial court's designation of Savage

as the residential parent for school purposes and the Western Local School District in Pike County as the school district that the children would be enrolled in constituted a modification of the initial decree. "[B]efore a court may modify a prior allocation of parental rights and responsibilities, it must consider: (1) whether a change in circumstances occurred, (2) whether modification is in the child's best interest, and (3) whether the benefits that result from the change outweigh any harm." *Hopkins v. Hopkins*, 4th Dist. Scioto No. 14CA3597, 2014-Ohio-5850, ¶ 10; R.C. 3109.04(E)(1)(a).

**{¶20}** Thacker does not challenge either the first or third requirements for modification. Therefore, we need not address this part of the trial court's judgment. Instead, Thacker challenges the trial court's determination that the best interests of the children justified the designation of Savage as the residential parent for school purposes so that they continue to be enrolled in the Western Local School District.

**{¶21}** Absent an abuse of discretion a reviewing court will not reverse a trial court's decision regarding child custody matters; when an award is supported by a substantial amount of credible, competent evidence, the award will not be reversed as being against the manifest weight of the evidence. *See Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus; *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We have applied this general standard of review in determining a challenge to a trial court's designation of a residential parent for school purposes. *See Sheridan v. Hagglund*, 4th Dist. Meigs No. 13CA6, 2014-Ohio-4031, ¶ 29-41.

**{¶22}** When—as here—a party does not request Civ.R. 52 findings of fact and conclusions of law, our review is even more limited. In the absence of a request for

findings of fact and conclusions of law, we must presume that the trial court heard the evidence, used the proper legal standard when evaluating the evidence, and that sufficient evidence was presented to support the trial court's judgment. *Hopkins*, 2014-Ohio-5850, at ¶ 16. " 'The message is clear: If a party wishes to challenge the * * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise, his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain." ' " *Id.* quoting *Pettet v. Pettet*, 55 Ohio App.3d 128, 130, 562 N.E.2d 929 (5th Dist.1988).

**{¶23}** Because Thacker did not request findings of fact and conclusions of law in accordance with Civ.R. 52, the trial court did not need to engage in a factor-by-factor analysis of the R.C. 3109.04 best-interest standards. *Hopkins* at ¶ 17, citing *In re E.W.*, 4th Dist. Washington No. 10CA18, 10CA19, and 10CA20, 2011-Ohio-2123, ¶ 22. Therefore, in the absence of evidence to the contrary, we presume the regularity of the trial court proceedings and presume that the trial court properly applied the law to the facts of the case. *Id.* Here there is nothing in the record to suggest that the trial court failed to properly analyze the factors set forth in R.C. 3109.04(F)(1).

**{¶24}** Moreover, the record contained competent, credible evidence to support the trial court's designation of Savage as the residential parent of the children for school purposes. The guardian ad litem recommended that the children remain in the Western Local School District, and Savage testified that the children were comfortable in the school district, where they knew everybody, including relatives. According to Savage's testimony, Eli was doing well in school and Jenna was receiving help and improving.

**{¶25}** Therefore, Thacker has not established that the trial court abused its discretion by designating Savage as the residential parent of the children for school purposes so that they remain enrolled in the Western Local School District.  Competent, credible evidence supported the trial court's determination that this ruling was in the best interest of the children so it was not against the manifest weight of the evidence. We overrule Thacker's second assignment of error.

## IV. CONCLUSION

**{¶26}** Thacker has not proven that the trial court committed prejudicial error in designating Savage the residential parent of the children for school purposes.  Having overruled Thacker's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, A.J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
     William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**