[Cite as *Anderson v. Anderson*, 2017-Ohio-2827.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| MELISSA ANDERSON, | : | |
| | : | Case No. 16CA3571 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| RONDAL ANDERSON, JR., | : | |
| | : | |
| Defendant-Appellee. | : | **Released: 05/11/17** |

_____
APPEARANCES:

Stephen S. Gussler, Margulis, Gussler & Hall, Circleville, Ohio, for
Appellant.

Stephen K. Sesser, Benson & Sesser, Chillicothe, Ohio, for Appellee.[1]
_____

McFarland, J.

{¶1} Melissa Anderson appeals the judgment entry decree of divorce

journalized August 19, 2016 in the Ross County Court of Common Pleas.

Upon review, we find all the issues between the parties to the divorce were

adjudicated on June 23, 2016, and prior to Appellee Rondal J. Anderson,

Jr.'s death on July 31, 2016. Thus, the divorce action did not abate upon the

date of his death. Accordingly, the trial court retained jurisdiction to enter

the judgment entry decree of divorce on August 19, 2016. As such, we find

---

[1] In the underlying proceedings, counsel for Appellee advised that Appellant had failed to join Rondal J.
Anderson Jr.'s estate as a party, and that counsel was entering a limited appearance on behalf of the
Appellee.

no merit to Appellant's sole assignment of error and we affirm the judgment of the trial court.

FACTS

{¶2} The record shows that Appellant and Appellee were married on October 31, 2008 and no children were born during the marriage. On July 30, 2015, Appellant filed a complaint for divorce alleging incompatibility, gross neglect of duty, and extreme cruelty, along with a motion for mutual restraining order. Appellee filed an answer to the complaint, admitting the parties were incompatible.

{¶3} On December 4, 2015, the trial court issued an order submitting the case to the magistrate to hear any disputed issues. On June 20, 2016, Appellant filed a motion for leave to file an amended complaint instanter, asserting additional grounds for divorce. On June 23, 2016, the matter came on for a final uncontested divorce hearing before the magistrate.

{¶4} At the hearing, counsel for the parties indicated Appellant and Appellee had reached an agreement to resolve all the disputed issues. The agreement was read into the record. Appellant and Appellee were duly sworn. On the record, both acknowledged their understanding of, and agreement with, the terms of the agreement for division of their marital property and acquired marital debt.

{¶5} The magistrate found the parties were incompatible and rendered an oral decision granting Appellant's complaint for divorce and approving and adopting the parties' agreement. Counsel for Appellee was charged with preparing the written magistrate's decision confirming the agreement. Appellee died unexpectedly on July 31, 2016.

{¶6} On August 19, 2016, the magistrate's decision, which made no mention of the decedent's death, was filed at 8:42 a.m. and contained the signatures of both attorneys for the parties. At 9:04 a.m. on that same date, the judgment entry decree of divorce, which recited the additional fact of Appellee's death, was filed. It also contained the signatures of counsel for both parties and a handwritten date of "8/15/16."

{¶7} On August 26, 2016, counsel for Appellant filed a motion to vacate the judgment entry decree of divorce, asserting that the trial court did not independently review the magistrate's decision until after the decedent's death and thus, no judgment was rendered while Appellee was alive. Appellee's counsel filed a memorandum in opposition to the motion to vacate.

{¶8} Appellant filed a notice of appeal in this court on September 16, 2016. On September 29, 2016, the trial court dismissed the motion to

vacate, finding that it lost jurisdiction after the appeal had been perfected.

Where pertinent, additional facts are set forth below.

ASSIGNMENT OF ERROR

"I. TRIAL COURT ERRED IN APPROVING AND
ADOPTING THE MAGISTRATE'S DECISION AND
ISSUING JUDGMENT ENTRY DECREE OF DIVORCE
NINETEEN (19) DAYS AFTER THE DEATH OF
DEFENDANT RONDAL J. ANDERSON, JR."

A.  STANDARD OF REVIEW

{¶9} In accordance with Civ.R. 53, the trial court reviews a

magistrate's decision de novo. *In re Estate of Humphrey*, 10th Dist. Franklin

No. 14AP-233, 2014-Ohio-5859, ¶ 15, citing *Mayle v. Ohio Dept. of Rehab.*

*& Corr.,* 10th Dist. Franklin No. 09AP–541, 2010-Ohio-2774, ¶ 15.  In

reviewing objections to a magistrate's decision, the trial court must make an

independent review of the matters objected to in order "to ascertain

[whether] the magistrate has properly determined the factual issues and

appropriately applied the law." Civ.R. 53(D)(4)(d).  An appellate court, by

contrast, applies an abuse-of-discretion standard when reviewing a trial

court's adoption of a magistrate's decision. *Humphrey, supra,* at ¶ 15.  An

abuse of discretion connotes more than an error of law or judgment; it

implies that the trial court's attitude is unreasonable, arbitrary or

unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450

N.E.2d 1140 (1983).  Claims of error by the trial court must be based on the trial court's actions, rather than on the magistrate's findings. *Mayle* at ¶ 15. Therefore, we may reverse the trial court's adoption of the magistrate's decision only if the trial court acted unreasonably, arbitrarily or unconscionably. *Id.*

{¶10} However, this case presents a jurisdictional question, in that Appellant argues that the trial court lacked jurisdiction to review and approve the magistrate's decision after Appellee's death.  "The existence of the trial court's subject-matter jurisdiction is a question of law that we review de novo." *Martindale v. Martindale,* 4th Dist. Athens No. 14CA30, 2016-Ohio-524, ¶ 27, quoting *Barber v. Williamson,* 4th Dist. Ross No. 11CA3265, 2012-Ohio-4925, ¶ 12, quoting *Yazdani–Isfehani v. Yazdani– Isfehani,* 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20 (4th Dist).  As such, we proceed to determine whether the trial court's exercise of jurisdiction, journalizing the judgment entry decree of divorce after Appellee's death, was legally correct.

## B. LEGAL ANALYSIS

{¶11} The parties' briefs contain additional disputed facts which are not entirely pertinent to this appeal.[2]  Appellant asserts that she decided to appeal the trial court's decision after she learned that his death certificate, issued prior to the judgment entry decree of divorce, listed him as "divorced."  Both parties' briefs acknowledge a lifetime annuity was payable to Appellee's spouse if he was married at the time of his death.[3]

{¶12} Further, Appellee's brief advises that on August 1, 2016, the parties' counsel met with the trial court to discuss how to proceed upon Appellee's death.  At that time, the trial court indicated it planned to grant the divorce and adopt and approve the parties' agreement.  Counsel for Appellee further advises that he submitted a revised judgment entry decree of divorce which acknowledged the fact of Appellee's death, and that Appellant's counsel consented to and approved the magistrate's decision and revised judgment entry decree of divorce.  While we have no reason to doubt counsel's representation, the record does not contain a hearing notice for the

---

[2] Appellant advises that Appellee had a dependency on prescription drugs, unknown to her at the time they married, which developed into full-blown addiction and caused financial problems.  Appellant infers that Appellee removed a large amount of his 401(k) retirement plan as a result of his drug issues.  Appellant also asserts that the parties separated in August 2013, but she had always hoped that Appellee would defeat his drug problems and they would reconcile.

[3] Appellee's counsel asserts that greed is the basis for Appellant's appeal.

date of August 1, 2016.  As this information is a matter outside of the record, we cannot consider it.[4]

{¶13} Appellant contends that the trial court lacked jurisdiction to review and approve the magistrate's decision after Appellee's death because no judge ever heard the evidence in this matter or reached a decision while Appellee was alive.  Notwithstanding that the case was heard by a magistrate and the parties waived their right to object, Appellant argues the trial judge still had a duty to review the magistrate's decision and issue his own judgment.  Appellant concludes the case was not decided at the time of the decedent's death.

{¶14} Appellee, however, responds that the appeal does not present any novel issues as the matter of the trial court's retention of jurisdiction to enter judgment following the death of a party to a divorce is well-settled. Appellee directs our attention to *Grashel v. Grashel,* 4th Dist. Scioto No. 02CA2826, 2002-Ohio-4612.  Appellee points out: (1) there were no issues in dispute at the time of the final hearing before the magistrate; (2) the agreement was read into the record; (3) the parties testified under oath that they understood the terms of the agreement and believed them to be fair and

---

[4] "[A] reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *Clayton v. Walker,* 9th Dist. Summit No.  26538, 2013-Ohio-2318, ¶ 11, quoting *State v. Ishmail,* 54 Ohio St.2d 402, 406, 377 N.E. 2d 500 (1978).  "Matters outside the record cannot be used to demonstrate error, nor can they be considered in defense of the judgment." *In re J.C.* 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.) at ¶ 15.

equitable; and (4) an oral decision was rendered prior to the decedent's death. We agree with Appellee that the law in Ohio is well-settled with regard to the trial court's continuing jurisdiction on the abatement of an action upon the death of a party.

{¶15} The Supreme Court of Ohio, other appellate districts, and this Court have observed that the provisions of R.C. 2311.21 generally provide that no action or proceeding pending in any court shall abate by the death of a party except for actions for libel, slander, malicious prosecution, nuisance or against a judge of a county court for misconduct of office. *King v. King,* 4th Dist. Adams No. 01CA719, 2002-Ohio-1060,*4. While divorce actions are not explicitly denoted in the above statute, when one or both parties to a divorce case dies before the final decree, the action abates (because circumstances have achieved the primary objective sought). *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 99, 671 N.E.2d 236, 239 (1996); *Porter v. Lerch,* 129 Ohio St. 47, 56, 193 N.E. 766, 770 (1934).

{¶16} However, the Supreme Court of Ohio has carved out an exception to this general rule of abatement, and held that a divorce action is not abated by a party's death when that death occurs after a decision is rendered but before it is journalized. *King, supra,* citing *State ex rel. Litty, supra,* at 99, 671 N.E.2d 236, 671 N.E.2d at 239; *Caprita v. Caprita*, 145

Ohio St. 5, 60 N.E.2d 483 (1945), at paragraph three of the syllabus. Under such circumstances, the decree may be journalized by nunc pro tunc entry. *See Caprita, supra,* at paragraph four of the syllabus. The Supreme Court of Ohio reasoned that when a party to an action dies after a trial and determination of the issues, the interests of justice require that trial courts continue to possess jurisdiction to enter judgment nunc pro tunc. *Id.* at 7, 60 N.E.2d at 484, citing in part *In re Estate of Jarrett,* 42 Ohio St. 199 (1984), at the syllabus. The court has the discretion to either dismiss the action or enter a judgment nunc pro tunc. *Caprita,* at paragraphs four and six of the syllabus; *Miller v. Trapp*, 20 Ohio App.3d 191, 485 N.E.2d 738 (1984); and *King v. King*, 4th Dist. Adams No. 01CA719, 2002-Ohio-1060.

{¶17} Conversely, if the court has not yet decided any of the issues, the action abates as a matter of law and the court lacks jurisdiction to proceed. *Gregg v. Gregg*, 145 Ohio App.3d 218, 762 N.E.2d 434 (2001); *Estate of Grashel v. Grashel*, 4th Dist. Scioto No. 02CA2826, 2002-Ohio-4612; *Ramminger v. Ramminger* (June 11, 2001), Butler App. No. CA2000-07-132; and *Koch v. Koch* (Mar. 4, 1994), Sandusky App. No. S-93-5, overruled on other grounds, *Wright v. Wright* (Nov. 10, 1994), Hocking App. No. 94CA02.

{¶18} In *Grashel, supra*, the husband filed a divorce action, and then died after final hearing, but before judgment was entered. The trial court dismissed the action, and the husband's estate appealed. This Court held that the death of the husband following the final hearing, but before the trial court had rendered a decision on the merits, abated the divorce action.

{¶19} The record in *Grashel* revealed that when Grashel died in December 2001, his attorney filed a "motion and suggestion of death," and asked that a nunc pro tunc judgment of divorce be entered. In our decision, we pointed out the pivotal issue is to determine the exact course and stage of the proceedings at the time of the party's death. Although two evidentiary hearings had been held and the case had been submitted for determination, the trial court had not rendered a decision on the merits at the time of Mr. Grashel's death.

{¶20} The trial court's judgment entry granting the motion to dismiss expressly stated that "no decision had been made or filed, as of the date of death, granting the divorce or dividing the property and debt." We further observed that the appellant could point to nothing in the record to contradict that representation, and we found nothing to that effect upon our own review. We agreed with the trial court's conclusion that the divorce action

abated on Mr. Grashel's death, and found no error in the trial court's decision to dismiss the case.

{¶21} In *Brooks v. Brooks,* 6th Dist. Lucas No. L-02-1286, 2003-Ohio-5177, the husband, age 66, filed for divorce from the wife, age 59, in 2001, following a 22-year marriage. The wife filed an answer and counter-claim and the case was scheduled for trial in May, 2002. At some point, the husband had a stroke. However, two days prior to trial, a settlement agreement was read into the record by counsel.

{¶22} Based upon the parties' testimonies, the judge found the facts in the complaint and counterclaim were true and granted the parties a divorce on the grounds of incompatibility. The judge further stated that he found the settlement agreement to be fair and reasonable and indicated that he would sign a final judgment entry which incorporated the agreement read into the record. The husband's attorney was directed to prepare the proposed final judgment entry. The husband died shortly thereafter.

{¶23} Appellant, the husband's estate, filed a Motion for Approval of a Proposed Judgment Order of Divorce. In August 2002, the court dismissed the complaint for divorce relying on *Miller v. Trapp,* 20 Ohio App.3d 191, 485 N.E.2d 738 (2nd Dist.1984). The estate appealed, arguing

that the trial court abused its discretion by dismissing the divorce action because of the husband's death.

{¶24} The appellate court noted the Brooks' case presented an unusual situation:

> "The court was not required to adjudicate the facts because the parties had reached an agreement which they presented to the court. The court had orally approved the agreement and directed one of the parties to prepare a final judgment incorporating the settlement agreement. However, before the final judgment could be signed, one of the parties died. The trial court, exercising its discretion, decided to dismiss the divorce action because, as it noted in the judgment entry, it had concerns that the settlement agreement had not fully resolved the issues between the parties." *Id.* at ¶ 13.

{¶25} In *Brooks*, the parties' dispute centered upon whether the proposed judgment entry accurately recited the settlement agreement approved by the court. Upon review of the oral settlement agreement and the proposed nunc pro tunc judgment entry, the appellate court found several discrepancies; however, the appellate court found the court did not dismiss the action because there were discrepancies. Instead, it dismissed the case because it reconsidered the issue of the settlement agreement and determined that the settlement agreement had not fully resolved all of the issues between the parties.

{¶26} The appellate court found, as a matter of law, since the settlement agreement had been approved by the court, but not yet reduced to

a judgment entry, that the divorce action did not abate at the death of the husband. However, in resolving the matter, the appellate court further observed:

> "The trial court stated its reason for dismissing the action was that it believed there were issues between the parties that the settlement agreement had not fully resolved. We find that appellant has failed to demonstrate that the trial court's decision was 'unreasonable, arbitrary, or unconscionable.' " *Id.* at ¶ 16.

{¶27} In *Gregg v. Gregg,* 145 Ohio App.3d, 762 N.E.2d 434, (12th Dist.2001), the abatement of an action for divorce and property division was required as a matter of law following the husband's death, despite the allegation that the wife attempted to murder her husband. The appellate court, noting that application of the rule nevertheless rendered a harsh result, pointed out that before the husband's death, no issues were adjudicated other than an interim order of spousal support. "* * * [T]he law is clear: abatement of the action for divorce and property division was required as a matter of law because no adjudication had taken place." *Id.* at 762 N.E.2d 437. As such, the trial court no longer had jurisdiction, and did not err and abuse its discretion in dismissing the action for divorce.

{¶28} In *King v. King, supra*, this Court noted although the decedent's precise date of death was not clear from the record, it was clear that his death occurred sometime during the pendency of a prior appeal (*King I*) and,

by that time, the trial court had adjudicated the pertinent issues. Although

the court had dismissed *King I* for lack of a final appealable order, the

dismissal did not change the fact that the trial court's decision had already

been made (albeit not properly journalized). Thus, the trial court possessed

jurisdiction.

{¶29} In *Melosh v. Melosh*, 5th Dist. Licking Nos. 14CA20,

14CA21, and 14CA30, 2014-Ohio-5029, the appellate court affirmed the

trial court's dismissal of the divorce action and denial of motions to

substitute parties. Citing the abatement rule and exception, and the relevant

case law discussed herein, the *Melosh* court further noted: "A trial court's

authority to enforce in-court settlement agreements is discretionary."

*Franchini v. Franchini,* 11th Dist. Geauga No. 2002–G–2467, 2003-Ohio-

6233, 2003 WL 22763520, ¶ 8. "Case law clearly provides that a trial court

has discretionary authority to enforce in-court settlement agreements or to

modify them out of equity." *Melosh, supra,* quoting *Hileman v. Hileman*

(July 26, 1999), Stark App. Nos. 1998CA00256, 1998CA00257, 1999 WL

547934 (additional citations omitted). Ultimately, the appellate court held

that the trial court did not abuse its discretion in dismissing the action when,

although an agreement between the parties had apparently been reached and

reduced to writing, the court was later informed one of the parties refused to sign it.

{¶30} More recently, in *Kraus v. Kraus,* 6th Dist. Erie No. E-15-012, 2016-Ohio-972, a plaintiff-decedent died after execution and journalization of the divorce decree. The appellate court found that because a final decree is unaffected by the subsequent death of a party, the decedent's death had no impact on the then-resolved divorce action. Thus, the appellate court found that the trial court did not err in failing to find that decedent's death abated the underlying divorce action.

{¶31} Upon our review of the record in this case, we find the transcript of the June 23, 2016 uncontested divorce hearing that summarizes the key provisions for division of property and debt, was read into the record and indeed reflects the parties' agreement. The agreement clarified that both Appellant and Appellee were living separate and apart, and that both acknowledged incompatibility. Further, the parties agreed on the record to waive the objection period.

{¶32} The transcript also reflects the parties were duly sworn and the magistrate took brief testimony. Appellant affirmed that she considered the agreement to be fair and equitable, and further, that she was asking the court to make it a final court order. Appellee also testified that he agreed with the

terms read into the record, and that he believed the terms to be a fair and

equitable division of marital assets and debts.  Counsel for Appellee advised

he would prepare the final entry for the court.  The magistrate then stated as

follows:

> "Then based upon counsel's representations to the court and the
> testimony of the parties, the court will grant the plaintiff,
> Melissa Anderson, a divorce and therefore, terminate your
> marriage, and the court will further approve and adopt the
> agreement you've reached here today and which you recited
> into our record regarding the division of your debts and assets."

**{¶33}** Based upon the above, we find all the issues in the divorce were

adjudicated prior to Appellee's death.  Appellant's chief argument is that no

judge independently reviewed the case before granting the divorce.  It is true

the trial court has this duty.  Pursuant to Civ.R. 53(D)(4)(d), a trial court

"shall undertake an independent review as to the objected matters to

ascertain that the magistrate has properly determined the factual issues and

appropriately applied the law." *Radford v. Radford,* 8th Dist. Cuyahoga Nos.

96267, 92455, 2011-Ohio-6263, ¶ 13.  The trial court must conduct a de

novo review of the facts and an independent analysis of the issues to reach

its own conclusions about the issues in the case. *Id.,* citing *Kapadia v.*

*Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 9, citing *Inman*

*v. Inman*, 101 Ohio App.3d 115, 655 N.E.2d 199 (2nd Dist.1995).

{¶34} However, Appellant points us to no evidence to support her assertion that the trial court did not fulfill its Civ.R. 53 duty to review the magistrate's decision. First, we point out the rule's language provides that the trial court must independently review the "objected matters." The parties' herein waived any objections. Nevertheless, the trial court's judgment entry and decree of divorce states as follows at paragraphs 2 and 3:

> "The Court independently reviewed the Magistrate's Decision and finds that there are no errors of fact or law contained therein. The Court, after carefully reviewing the parties' agreement and the testimony of the parties, further finds that the agreement of the parties is fair and equitable and that the same should be approved."

{¶35} In the absence of evidence to the contrary, we presume the regularity of the trial court proceedings and presume that the trial court independently reviewed the magistrate's decision as stated in the judgment entry decree of divorce. *See Savage v. Savage*, 4th Dist. Pike No. 15CA856, 2015-Ohio-5290, ¶ 23. There is nothing in the record to suggest that the trial court failed to independently review the record as required or to correctly apply the relevant law.

{¶36} In conclusion, we find the parties' divorce action did not abate upon the death of the Appellee. The record demonstrates that all issues were adjudicated in that the parties reached an agreement on June 23, 2016. While the final divorce decree was not journalized prior to Appellee's death,

there were no unadjudicated issues.  The record further demonstrates that the trial court independently reviewed the trial court's decision.  As such, the trial court retained jurisdiction to journalize the judgment entry decree of divorce on August 19, 2016, and did not err and abuse its discretion in doing so.

{¶37} As a final consideration, we note that Appellant did not join Appellee's estate as a party in the underlying or the appellate court proceedings.  Civ.R. 25(A)(1) provides that a motion for substitution of a party upon the death of a party may be made by any party or by the successors or representatives of the deceased party.  Further, "[u]nless the motion for substitution is made not later than ninety days after the death is suggested upon the record * * * the action shall be dismissed as to the deceased party." *Id.*  In this matter, while there was no formal suggestion of death upon the record, the trial court rendered its final decision and journalized the judgment entry decree of divorce on August 19, 2016.  On this date, the fact of Appellee's death was at least noted in the judgment entry decree of divorce, which was well within the 90-day period provided by the rule.  Alternatively, dismissal of the underlying action was not necessitated on this basis.

{¶38} For the foregoing reasons, we find the trial court did not err in approving and adopting the magistrate's decision after the death of Appellee, nor did it err in continuing to exercise its jurisdiction and issue the judgment entry decree of divorce.  Appellant's sole assignment of error is without merit and is overruled.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:   Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only.

For the Court,

BY:   _____
Matthew W. McFarland

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**