[Cite as *Epifano v. Epifano*, 2026-Ohio-1374.]

IN THE FIFTH DISTRICT COURT OF APPEALS
PERRY COUNTY, OHIO

| | |
|---|---|
| (ESTATE OF) JAMES EPIFANO, JR., | Case No. 25-CA-00009 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Perry County Court of Common Pleas, Domestic Relations Division, Case No. 24-DV-00196 |
| RHONDA EPIFANO, | |
| Defendant - Appellee | Judgment: Affirmed |
| | Date of Judgment Entry: April 14, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** VALERIE WIGGINS, for Plaintiff-Appellant; JASON M. DONNELL, for Defendant-Appellee.

*Baldwin, P.J.*

    **{¶1}** The appellant, (Estate of) James Epifano, Jr., appeals the judgment of the Perry County Court of Common Pleas, Domestic Relations Division, abating the divorce proceeding. The appellee is Rhonda Epifano.

### STATEMENT OF FACTS AND THE CASE

    **{¶2}** On October 9, 2024, James Epifano, Jr. ("the husband") and the appellee filed a petition for dissolution along with a signed separation agreement. The following month, the appellee sought dismissal of the dissolution or, in the alternative, conversion of the matter. The husband then moved to convert the matter to a divorce action, and the case proceeded as a divorce.

{¶3} On January 21, 2025, prior to any evidentiary hearing on disputed issues, the appellant died. Both sides filed suggestions of death. The husband's daughter sought substitution of a third party, but the trial court denied that request and ordered the case closed on March 28, 2025. The appellant's objections to the magistrate's decision were subsequently denied.

{¶4} The appellant filed a timely notice of appeal and raises the following four assignments of error:

{¶5} "I. THE TRIAL COURT ERRED IN FINDING THAT THE DIVORCE ACTION ABATED DUE TO THE PLAINTIFF'S DEATH."

{¶6} "II. THE TRIAL COURT ERRED IN FAILING TO ENFORCE THE SEPARATION AGREEMENT."

{¶7} "III. THE TRIAL COURT ERRED IN FAILING TO STRIKE THE DEFENDANT'S AFFIDAVIT OF 3/19/2025 AND REMOVING IT FROM THE RECORD."

{¶8} "IV. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION."

## I.

{¶9} In the appellant's first assignment of error, the appellant argues that the trial court erred in finding that the divorce abated due to the husband's death. We disagree.

### STANDARD OF REVIEW

{¶10} Whether a pending divorce action abated upon the death of a party presents a question of law concerning the trial court's authority to proceed. Accordingly, we review the trial court's decision de novo.

## ANALYSIS

**{¶11}** The Supreme Court of Ohio has stated:

> R.C. 2311.21 states that "[u]nless otherwise provided, no action or proceeding in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." Although divorce actions are not specified in R.C. 2311.21 as actions requiring abatement upon death of one or both parties, this court has stated that "[e]ven in the absence of statute, it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival [because] [c]ircumstances have accomplished the primary object sought."

*State ex rel. Litty v. Leskovyansky*, 1996-Ohio-340, quoting *Porter v. Lerch*, 129 Ohio St. 47, 56 (1934).

**{¶12}** However, a narrow exception is recognized. If the trial court has already rendered a decision determining the parties' rights and granting the divorce, but journalization has not yet occurred when a party dies, the action does not abate, and the decree may still be journalized nunc pro tunc. *Caprita v. Caprita*, 145 Ohio St. 5 (1945), paragraph three of the syllabus; *Litty*, supra.

**{¶13}** This exception applied in the case cited by the appellant: *Anderson v. Anderson*, 2017-Ohio-2827 (4th Dist.). There, the court held that the action did not abate because all issues between the parties had been adjudicated before the husband's death, and only journalization of the decree remained. *Id.*

**{¶14}** The case sub judice is materially different from *Anderson*. Here, the parties did not reach the point of adjudication. No evidentiary hearing was held after the dissolution was converted to a divorce. No magistrate or judge heard testimony concerning the disputed separation agreement. No finding was made that the agreement was fair and equitable. No decree of divorce was rendered. In short, there was no judicial decision in existence before the husband's death that could later be journalized.

**{¶15}** Therefore, as the Supreme Court of Ohio explained in *Litty*, when a party dies before the trial court decides the issues in the divorce action, the court lacks jurisdiction to proceed other than to dismiss. Likewise, this Court recognized that the death of one or both parties to a pending divorce abates the action where the trial court had not previously adjudicated the matter. *Melosh v. Melosh*, 2014-Ohio-5029, ¶24 (5th Dist.).

**{¶16}** The appellant further argues that the separation agreement itself prevented abatement because the parties fully performed its terms before the appellant died. However, this does not alter the dispositive procedural posture of this case: once the matter became a contested divorce case, the trial court had not yet adjudicated the enforceability of the agreement before the appellant's death. Even assuming the agreement contained language reflecting an intent to survive dismissal or conversion, the authorities relied upon by the appellant do not eliminate the requirement that the domestic relations court first determine the effect of the agreement in the context of the case before it. *See Carey v. Carey*, 9 Ohio App.3d 243 (3rd Dist.) and *Carpenter v. Davison*, 2023-Ohio-2284 (7th Dist.). In *Carey*, the Court found that a separation agreement is not automatically rendered ineffective by withdrawal of a dissolution petition where the language shows an intent to survive; it did not hold that a trial court

may continue litigating a divorce after a party's death where no issues had yet been adjudicated. *Carey* at 245. *Carpenter* also addressed the enforcement of a separation agreement after conversion from a dissolution to divorce, but it did so in a case that proceeded to a divorce trial. *Carpenter* at ¶12. Neither of these cases displace the settled abatement rule where death occurs before adjudication.

**{¶17}** We therefore find that the trial court did not err in concluding the divorce action abated upon the husband's death.

**{¶18}** The appellant's first assignment of error is overruled.

## II., III., IV.

**{¶19}** In the appellant's second, third, and fourth assignments of error, the appellant argues that the trial court erred in failing to enforce the separation agreement, in failing to strike the Appellee's March 19, 2025, affidavit, and in denying his objections to the magistrate's decision. We disagree.

**{¶20}** Based upon our disposition of the appellant's first assignment of error, we find these assignments of error to be moot. See App.R. 12(A)(1)(c). Once the trial court properly determined the divorce action abated before adjudication, the appellant could not obtain the relief requested through the continuation of that domestic relations action.

**{¶21}** Accordingly, we decline to address the appellant's second, third, and fourth assignments of error.

## CONCLUSION

{¶22} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Domestic Relations Division, is hereby affirmed.

{¶23} Costs to the appellant.

By: Baldwin, P.J.

Mongtomery, J. and

Gormley, J. concur.